# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BOBBY D. ARTHUR,
        Petitioner,

    v.                                  Case No. 03C1258

PHILIP KINGSTON, Warden,
        Respondent.

## DECISION AND ORDER

On September 29, 2005, I denied petitioner Bobby Arthur's petition for a writ of habeas corpus. On October 25, 2005, and November 4, 2005, petitioner filed motions for reconsideration.

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. However, a party can seek relief from a judgment under Rule 59(e) or Rule 60(b). The key factor in determining whether a motion is cognizable under Rule 59 or Rule 60 is its timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). Substantive motions filed within ten days of the entry of judgment are considered under Rule 59; those filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation omitted).

The instant motions are substantive because they challenge my rulings on the merits of petitioner's claims (in addition to raising new claims). And, they were filed more than ten days after entry of judgment. Therefore, I analyze the motions under Rule 60.

The Supreme Court has held that a state prisoner cannot use Rule 60 to present to the district court "claims" for habeas relief. Gonzalez v. Crosby, 125 S. Ct. 2641 (2005). This is so because 28 U.S.C. § 2244(b) forbids prisoners from filing second or successive applications for habeas relief absent the permission of the court of appeals, and allowing a prisoner to use Rule 60 would circumvent this requirement. Accordingly, if the Rule 60 motion presents a new claim or attacks the federal court's previous resolution of a claim on the merits, it must be dismissed for lack of jurisdiction. Id. at 2647-48; Dunlap v. Litscher, 301 F.3d 873, 876-77 (7th Cir. 2002). In the present case, petitioner's motions allege that my previous resolution of his claims was wrong, in addition to raising new claims for relief, and he has not obtained permission from the Seventh Circuit to bring another collateral attack. Therefore, the motions constitute unauthorized successive petitions, which must be dismissed for lack of jurisdiction.

**THEREFORE, IT IS ORDERED** that petitioner's motions for reconsideration (Docket # 48 and 52) are **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 3 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge

2