# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BOBBY D. ARTHUR,
        Petitioner,

v.                                       Case No. 03C1258

PHILIP KINGSTON, Warden,
        Respondent.

## DECISION AND ORDER

On October 31, 2005, habeas petitioner Bobby Arthur filed a notice of appeal of my September 29, 2005, Order dismissing his case. Petitioner also requested appointment of counsel and, on November 14, 2005, added a request to proceed in forma pauperis on appeal.

## I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a COA, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. See also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

The certificate may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that

1

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a COA it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In his petition, petitioner presented three claims: (1) that his rights under the Double Jeopardy Clause were violated because the charges in counts II and III were multiplicitous; (2) that his lawyer was ineffective in three respects; and (3) that he was denied his right to an impartial jury when one of the alternate jurors brought a map into the jury room. None of these issues deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason.

2

As to petitioner's double jeopardy claim, I concluded that, under McCloud v. Deppisch, 409 F.3d 869, 874 (7th Cir.), cert. denied, 126 S. Ct. 800 (2005), I was bound by the state court's conclusion that the legislature intended to allow multiple punishments under Wis. Stat. § 940.225(2)(a), and that petitioner's double jeopardy rights were therefore not violated. The McCloud court held:

> For the defendant who receives multiple punishments in a single proceeding, the Double Jeopardy Clause serves only to ensure that the legislature authorized cumulative punishments; it does not preclude such punishments. The Wisconsin Court of Appeals has considered whether the Wisconsin legislature intended to permit multiple punishments as to the crimes for which McCloud was sentenced to consecutive terms: on examining the elements of the two statutes in question, the court concluded that they were distinct offenses for which the state legislature had authorized multiple punishments. The cumulative punishments imposed on McCloud therefore were consistent with the legislature's intent and did not run afoul of the Double Jeopardy Clause.

409 F.3d at 877. In the present case, the Wisconsin Court of Appeals also concluded that the legislature intended to allow multiple punishments. Although McCloud was a "double description" case rather than a "unit of prosecution" case like this one, if anything, that made petitioner's double jeopardy claim even weaker. See United States v. Cooper, 966 F.2d 936, 942 (5th Cir. 1992) (stating that the Double Jeopardy Clause imposes no restraints on legislative power to define the allowable unit of prosecution and punishment where all the charges are brought in one suit). Jurists of reason would not reach a different result.

Given this result, I additionally concluded that petitioner's counsel was not ineffective for failing to raise the issue that counts II and III were multiplicitous. His remaining ineffective assistance claims – that his counsel failed to object to the filing of an amended information and failed to enter a plea – were procedurally defaulted, and in any event plainly lacked merit. Counsel stated on the record that he expected and was prepared for the

3

amendment, and he did enter a plea. Reasonable judges would not debate my conclusions on these issues.

Finally, as to petitioner's third claim, I concluded that petitioner's allegations of juror misconduct did not present a reasonable probability of a different outcome. The state court found that only one regular juror saw the map, and that it had no impact on the deliberations. Petitioner failed to show that these findings were incorrect or unreasonable, so reasonable jurists would not disagree with my denial of the claim.

Thus, for the same reasons as set forth in my September 29, 2005, Decision and Order and for the reasons set forth above, petitioner has not made a substantial showing of the denial of any constitutional right. I do not believe jurists of reason would differ as to any of the issues he presented in this case, and I do not believe these issues should proceed further.

## II. REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $255. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The price increase makes his current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and states that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v.

4

United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988). District courts must not apply an inappropriately high standard when making good faith determinations, and the denial of a certificate of appealability does not necessarily warrant denial of in forma pauperis status. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998).

I will grant petitioner permission to appeal in forma pauperis. First, it appears from his supporting affidavit that he lacks the necessary funds. Second, although I found that petitioner's claims lacked merit, I cannot conclude that they are frivolous. The double jeopardy claim presented a serious issue, and petitioner's jury was exposed to extraneous material.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

Finally, petitioner requests that I appoint counsel for his appeal. He asserts that, because he is a segregation prisoner, he does not have sufficient access to the law library and will be unable to adequately present his claims. However, petitioner provides no support for his contention that I am authorized to appoint counsel for him on appeal, and I am not aware of any authority to do so. Moreover, I previously concluded that petitioner had not met the factors set forth in Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.

5

1992) for appointment of counsel, and based upon this review of petitioner's claims, I do not find that the interests of justice or fundamental fairness require appointment of counsel at this time.

### IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed on appeal in forma pauperis (Docket #56) is **GRANTED**.

**FINALLY, IT IS ORDERED** that petitioner's request for appointment of counsel (Docket #51) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3 of March, 2006.

/s_____
LYNN ADELMAN
District Judge